**MUTUAL BENEFIT LIFE INSURANCE COMPANY, a New Jersey corporation, Plaintiff,**

v.

**Susan McGUIRE, Administratrix of the Estate of James M. McGuire, deceased, Kathleen Ellen McGuire and Daniel Michael McGuire, Defendants.**

**Civ. A. No. 31632.**

United States District Court

E. D. Michigan, S. D.

Feb. 20, 1969.

Dickinson, Wright, McKean & Cudlip, Detroit, Mich., for plaintiff.

Kenneth J. Robinson, Bromberg & Robinson, Detroit, Mich., for defendant Susan McGuire, Admx. of Estate of James M. McGuire.

Emil E. Cardamone, Warren, Mich., for defendant Dana McGuire, General Guardian of Kathleen Ellen McGuire and Daniel Michael McGuire.

ORDER DENYING MOTION OF SUMMARY JUDGMENT OF DANA McGUIRE, Guardian, AND GRANTING MOTION FOR SUMMARY JUDGMENT OF SUSAN McGUIRE, Administratrix.

MACHROWICZ, District Judge.

Motions for summary judgment were filed by both the administratrix of the estate of James M. McGuire, deceased, and by Dana McGuire, general guardian of the minor children of the deceased, both claiming the right to the full proceeds of the life insurance policy on the deceased James M. McGuire, issued by the plaintiff, Mutual Benefit Life Insurance Co., a New Jersey corporation, which filed this bill of interpleader and

deposited the proceeds of the policy with the Clerk of the Court.

The administratrix's claim is based on the contention that since the divorce decree between Dana McGuire and James McGuire extinguished any right which she may have had under the policy, the provisions of M.S.A. 25.131, Comp. Laws Mich.1948, § 552.101, control and the proceeds of the policy are payable to the estate of the deceased husband, since no alternate beneficiary has thereafter been affirmatively designated.

The guardian's claim is based on the contention that since the policy designated the beneficiary as "Dana Lee McGuire, wife, if living; otherwise to all children of present marriage", the children were affirmatively designated and that though Dana Lee McGuire is not physically dead, she is legally dead since her interest in the policy was abolished by the divorce decree.

The Court finds that the effect of the divorce decree, under the provisions of M.S.A. 25.131 is to extinguish the interest of his then wife, primary insuree, Dana Lee McGuire. Since, however, she is still alive, this does not have the effect of making the children of that marriage primary beneficiaries in place of the wife. In accordance with the terms of the statute and since there is no designated effective secondary insuree, the proceeds of the policy are payable to the estate unless subsequent to the divorce he did by some affirmative effective action indicate that the children were to receive the proceeds when their mother became disqualified thereto. No such action is alleged and therefore the Court is constrained to follow the clear mandates of the Michigan Statute.

It is therefore ordered that the motion of Dana McGuire, guardian of Kathleen Ellen McGuire and Daniel Michael McGuire, minors, defendants, for summary judgment, is denied;

It is further ordered that the motion of Susan McGuire, administratrix of the estate of James M. McGuire, deceased, for summary judgment, is granted.